Pfeifer, J.,
dissenting.
*284 Right to Trial by Jury
{¶ 19} In Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, which also addressed whether a cap on compensatory damages violates the right to a jury trial, I dissented and wrote, “ ‘So long as the trial by jury is a part of our system of jurisprudence, its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our Constitutions.’ Gibbs v. Girard (1913), 88 Ohio St. 34, 47, 102 N.E. 299. Instead of jealously safeguarding the right to trial by jury, the majority opinion in this case eviscerates it by holding constitutional a statute that enables courts to ‘enter judgments in disregard of the jury’s verdict.’ Sorrell v. Thevenir (1994), 69 Ohio St.3d 415, 422, 633 N.E.2d 504. Instead of jealously safeguarding the right to trial by jury, the majority opinion [concludes] that juries can meaningfully determine only facts that do not conflict with predetermined assessments of the General Assembly. Instead of jealously safeguarding the right to trial by jury, the majority opinion ‘cleans the scalpel for the legislature to cut away unrestrainedly at the whole field of tort redress.’ Meech v. Hillhaven W., Inc. (1989), 238 Mont. 21, 52, 776 P.2d 488 (Sheehy, J., dissenting).” Arbino at ¶ 163. Today the majority opinion allows the cutting to continue.
{¶ 20} Once again, a majority of this court concludes that a statute may amend an inviolate constitutional right, even though we have previously stated that “[t]he right of trial by jury, being guaranteed to all our citizens by the Constitution of the state, cannot be invaded or violated by either legislative act or judicial order or decree.” Gibbs, 88 Ohio St. 34, 102 N.E. 299, at paragraph two of the syllabus. See Section 5, Article I, Ohio Constitution (“The right of trial by jury shall be inviolate * * * ”). Once again, a majority of this court suggests that a cap on damages is nothing more than remittitur and ignores that “the sole reason remittitur does not violate the right to a trial by jury is that remittitur cannot be granted without the consent of the prevailing party.” Arbino, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420 (Pfeifer, J., dissenting), citing Wightman v. Consol. Rail Corp. (1999), 86 Ohio St.3d 431, 444, 715 N.E.2d 546. Once again, a majority of this court illogically suggests that because “the treble-damages provisions of R.C. 901.51, 1331.08, 1345.09, 2307.61, 2923.34(E), and 4905.61, which increase a jury award, have never been held to infringe the right to a trial by jury, [decreasing] a jury award, ‘cannot logically violate that right.’ ” Id.
{¶ 21} And once again, I state that “a statute that authorizes a judge to ignore or change factual findings deprives litigants ‘of the benefits of Trial by Jury’ and must be declared unconstitutional.” Id. at ¶ 169. R.C. 2744.05(C)(1) unconstitutionally invades the province of the jury by replacing a damages award deter *285 mined by a jury with a predetermined cap imposed by the General Assembly. I would affirm the judgment of the court of appeals on this issue.
James Burke Jr., John J. Chambers, and Sean P. Allan, for appellee Clifton Oliver.
John J. Spellacy and Sean P. Allan, for appellee Donald Krieger.
Robert J. Triozzi, Director of Law, Joseph F. Scott, Chief Assistant Director of Law, and Jerome A. Payne Jr., Assistant Director of Law, for appellant.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and David M. Lieberman, Deputy Solicitor, urging reversal for amicus curiae state of Ohio.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association of Justice.
Equal Protection
{¶ 22} The majority opinion states that “[t]he Ohio and federal equal protection analysis applied in Arbino is applicable in this case as well.” This conclusion ignores one basic fact: in the Arbino case, the majority opinion was working with findings of fact supplied by the General Assembly, whereas in this case, the General Assembly did not issue findings of facts. Instead, the majority opinion supplied its own single finding of fact and did so without commenting on the lack of legislative findings of fact or the creation of its own judicial finding of fact. Applying the equal protection analysis in the Arbino case to this case is unreasonable given the lack of legislative findings of fact in this case.
{¶ 23} I would affirm the judgment of the court of appeals because the caps imposed by R.C. 2744.05(C)(1) violate the right to trial by jury. I dissent.